## FRANK WEBB *v.* THE STATE.

CHARGE OF THE COURT. — In a trial for theft, the court below charged the jury that "the credibility of witnesses and weight of evidence are committed entirely to the jury, and by their conclusions therein, under the law given them by the court in charge, they should determine their verdict." *Held,* that the charge is not amenable to the objection that it authorized the jury to determine their verdict upon the mere weight of evidence, and enunciated no more than the language of the Code.

APPEAL from the Criminal District Court of Galveston. Tried below before the Hon. G. COOK.

The indictment and conviction were for theft of personal property over the value of $20, and the punishment assessed was two years in the penitentiary.

*J. R. Burns,* for the appellant.

*George McCormick,* Assistant Attorney-General, for the State.

WHITE, J.  Appellant in this case was tried and convicted of theft of personal property over the value of $20, and his punishment was affixed at imprisonment in the penitentiary for a term of two years.

Several interesting questions are discussed in the brief of counsel for the accused, which, in our opinion, do not legitimately arise when the transcript of the record is examined in connection with them.  At all events, we cannot concur in the position contended for by counsel, that the record before us leaves it in doubt, or even questionable, that (1) the defendant was present at the rendition of the verdict; or, (2) that the venue was proven; or, (3) that defendant was asked what he had to say why sentence should not be pronounced or judgment rendered against him in accordance with the verdict of the jury.  On the contrary,

in our opinion, each of these facts is made to appear, not only affirmatively, but quite pointedly; and it would be a contradiction of ·the plainest deductions to be made from the language used in the recitals, both of the preliminary and final judgments in the case, to hold otherwise.    To arrive at this conclusion it is not necessary to resort to any presumptions whatever, since the facts are so substantially stated to exist.

The preliminary judgment states that defendant was present in person and by attorney when he announced ready for trial; when the jury were empanelled, "accepted by him," and sworn; and that when the evidence was closed, argument and charge of the court heard, and the jury, after retirement and consideration, had returned their verdict into court, that the court then ordered that the defendant be remanded into the custody of the sheriff.    If he was not in court during the whole of these proceedings, and was not present at the rendition of the verdict, why remand him again into the custody of the sheriff?    Or where is there a single ground upon which, in the face of these recitals, to postulate presumption that he was absent at any time from the court-room, from the very inception to the close of these proceedings?    There does not appear to have been any interval or adjournment during the trial. Under the circumstances, to have restated that the defendant was still present when the verdict was read would have been but an iteration and reiteration of a fact already patent, and, as we have seen, clearly stated.

With regard to the venue, the prosecuting witness, Bird, gave a detailed statement of the facts connected with the theft of the articles alleged to have been stolen, together with the discovery of the chain in possession of defendant, and his confession that he had stolen it; and he concluded his testimony by saying, "all this occurred in Galveston County, Texas."    This, it is contended, does not prove the

venue. We are of opinion that it does, and that the reasoning and criticism of counsel on the subject are hypercritical.

Our statute provides that, " before pronouncing sentence in a case of felony, the defendant shall be asked whether he has anything to say why judgment should not be rendered, and sentence pronounced against him." Pasc. Dig., art. 3152.

We take it that the appeal in this case was not from the sentence, but from a final judgment, such as is ordinarily rendered in cases where the prisoner appeals without sentence, the sentence being generally suspended until the result of the appeal is known. Pasc. Dig., arts. 3213, 3214. The statute also provides for appeals after sentence pronounced. Pasc. Dig., art. 3192.

In the case at bar the final judgment, after the usual formulary, uses the words, " and saying nothing why the judgment of the court should not be pronounced against him,"— clearly showing, if it had been necessary to do so in rendering such a judgment, that the accused had in fact been asked what, if anything, he had to say why judgment should not be rendered.

The remaining objection is, " that the charge of the court is erroneous, in this : it authorized the jury to base their conclusion upon the mere weight of evidence." The language of the charge alluded to in this objection is as follows, viz. : " The credibility of witnesses and weight of evidence are committed entirely to the jury, and by their conclusions thereon, under the law given them by the court in charge, they should determine their verdict." It seems to us that this charge enunciated nothing more than a plain proposition of law, which is laid down in our Code of Criminal Procedure in these words : "The jury in all cases are the exclusive judges of the facts proved and the weight to be given to the evidence." Pasc. Dig., art. 3108.

Really, there appears nothing whatever in the record subject to any just ground of complaint. The defendant is evidently guilty under the testimony, and according to his own confession besides. He has had a fair and impartial trial, and, so far as we can see, justly merits the punishment awarded him. The judgment is affirmed.

*Affirmed.*